# Albright *v.* Mercer.

*Attorney and client— Character of the relationship—Purchases by attorney.*

In the relation of attorney and client there can be no antagonistic interest nor divided allegiance; if property be purchased by an attorney while still acting for his client such purchase cannot inure to the attorney's profit, even if the purchase money be advanced by the attorney.

*Action by client against attorney—Assumpsit.*

Assumpsit will lie by a client to recover from an attorney the profits received by the defendant from the sale by him of certain property alleged to have been purchased and held in trust for the plaintiff.

Argued April 30, 1900.    Appeal, No. 105, April T., 1900, by defendant, in suit of D. M. Albright against A. H. Mercer, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1899, No. 400, on verdict for plaintiff.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.    Opinion by BEAVER, J.    ORLADY, J., dissents.

Assumpsit.    Before McCLUNG, J.

At a constable's sale of a laundry establishment title was taken by the attorney of the plaintiff in his own name and the purchase money paid by the attorney because of the inability of his client to make same; claims being made by others as to the leasehold and certain articles sold and purchased, the attorney purchased these outstanding claims and subsequently sold the establishment at a profit for which he refused to account to the client, contending that the purchase of the leasehold and certain items of property had been made on his own account as a separate and independent transaction.    The court left the question to the jury whether the relation of attorney and client continued to exist charging the jury as follows :

[So you will perceive that the suggestion of the court is that the evidence does not show a severance of that relationship, and the result of that proposition is that Mr. Mercer would be held to have continued this matter in the interest of Albright and to his profit, if there was a profit.    At the same time, he would be entitled to call upon Albright to make up any loss if there were a loss.] [1] . . . .

[It is true, as has been argued by counsel for the defendant, that the defendant was not bound to make this bid. He was not bound to advance the money. Even if he had advanced it, he was not bound to buy other property, in order to put it in shape so that it could be sold. He was not bound to take other property into it for the purpose of making it valuable. But, from the fact that he was not bound to do this, it does not follow that if he did do it, he could do it for his own profit. He could not. If he was still acting as Albright's attorney, he could not do it for his own profit. He must do it in the interest of Albright. That is the high duty that the law requires of an attorney. And if you conclude that he was still so acting, then all these things go for nothing, excepting that he would be entitled to credit for any amounts that he expended, and if he acted fairly he would be entitled to fees for the labor that he expended.] [2]

Defendant submitted among others the following point:

[3. The plaintiff cannot recover in this action the profits received by the defendant from the sale by him of the leasehold, machinery, etc., which he is alleged to have purchased and held in trust for the plaintiff; an action of account render or bill in equity is the only proper remedy. *Answer:* This is refused. I think that an action of assumpsit is the proper remedy in this case.] [3]

Verdict and judgment for plaintiff for $455. Defendant appealed.

*Errors assigned* were (1, 2) to portions of the judge's charge, reciting same. (3) In refusing plaintiff's third point, reciting point and answer.

*W. H. S. Thompson* and *L. W. Bigham*, for appellant. —Could it be contended for a moment that where an attorney has purchased and is holding certain property in trust for his client, that he is thereby precluded from making any independent purchases for himself? The mere statement of such a proposition is sufficient to refute it.

By the mere act of purchasing the property, the defendant did not become a trustee for the plaintiff, as the latter might decline the relation. This principle is laid down in Downey v. Gerrard, 3 Grant, 64.

Except for his foresight in securing an option upon and finally purchasing the leasehold, the plaintiff's property would still have been unsalable and of little value. Can it, then, with any justice, be said that he has forfeited in any way his right to the reasonable share of the profits upon that portion of the property which he purchased and paid for independently of his client?

The rights of the parties cannot be worked out in an action of assumpsit: Reeside v. Reeside, 49 Pa. 322.

Such is the case of a partner transacting the business of a firm, or of a baliff managing an estate: McFadden v. Sallada, 6 Pa. 287 ; Bredin v. Dwen, 2 Watts, 95.

The same principle was applied in Gallagher v. Gallagher, 6 Phila. 528.

*Alex. A. Patterson,* for appellee.

OPINION BY BEAVER, J., July 26, 1900 :

An attorney at law cannot serve two masters. He cannot serve himself and his client at the same time, except as he serves himself through his client. He serves himself best who serves his client best. There can in this relation be no divided allegiance and no antagonistic interests. The jury has determined by its verdict that the relation of client and attorney existed between the plaintiff and the defendant not only at the time of the constable's sale but subsequently until the final disposal of the leasehold interest and property to Jones & Laughlin. It is difficult to see how their verdict could have been otherwise. There was no evidence of a dissolution of the relation of client and attorney. The defendant did not even offer to show that he proposed to terminate the relation but, even if he had, unless there be mutual consent, the relation cannot be dissolved when once regularly formed, so as to permit an attorney to serve himself at the expense of his client. We agree entirely with all that was said by the trial judge in the court below in regard to the high duty which the law requires of an attorney. His intimation to the jury as to his opinion of the relation of client and attorney subsisting at the time of the purchase and sale of the leasehold interest and machinery was none too strong and yet the fact was left fairly for the jury to decide. The defendant had in his hands for

VOL. XIV—5

collection claims of the plaintiff against Casey, whose interest in the laundry was levied upon, aggregating $529.50. He attended the sale with the plaintiff, he bid on behalf of the plaintiff, the property was knocked down to him as attorney. It is true that he took the title in his own name but he must be held to have done this for his security, inasmuch as the plaintiff was unable to furnish either money or security. The plaintiff accompanied him to the broker's, in whose hands the property was placed for sale. He for several months paid the watchman in charge of the property. He in every way indicated his interest therein and the defendant acknowledged by his actions that the relation of client and attorney existed after the sale and, as already intimated, offered no direct evidence to show any severance of the relation. The portions of the charge of the court contained in the first and second assignments of error are, therefore, not in any sense erroneous.

The third assignment of error relates to the form of the action, the court below being asked to charge: " The plaintiff cannot recover in this action the profits received by the defendant from the sale by him of the leasehold, machinery, etc., which he is alleged to have purchased and held in trust for the plaintiff. An action of account render or bill in equity is the only proper remedy," which was refused. The general rule in regard to actions of account render is thus stated in 1 P. & L. Dig. of Dec., 4: " Wherever a joint interest of the parties in the subject-matter of the suit is shown, account render lies, whether the relation be that of partners or tenants in common. At common law, it lay between partners and between tenants in common where one had been constituted bailiff for the other, and under St. 4 An. c. 16, sec. 27, which is in force in Pennsylvania, it lies between tenants in common as such." There was, however, no such joint interest here as required an accounting. If the relation of client and attorney existed, the defendant was bound to pay to the plaintiff the entire amount received by him from the sale to Jones & Laughlin save only the amounts expended by him for the plaintiff's benefit and his compensation. The action was properly brought and rightfully maintained. Finding no semblance of error in the record, the judgment is affirmed.

ORLADY, J., dissents.