## Bell v. Parrell et al.

*Attorney and client—Purchase of real estate by attorney in execution—Ejectment by client—Statute of limitations—Acts of April 22, 1856, March 27, 1865, and June 12, 1919.*

1. If an attorney in an execution purchases the real estate, he becomes trustee for his client, and the client can maintain ejectment against him and those claiming under him, unless barred by the statute of limitations.

2. The statute of limitations begins to run from the date the attorney parts with the title.

Acts of April 22, 1856, P. L. 532 (as amended March 27, 1865, P. L. 56), and June 12, 1919, P. L. 478, considered.

Rule for judgment for want of sufficient affidavit of defence. C. P. Lawrence Co., Dec. T., 1922, No. 42.

*Wylie McCaslin*, for plaintiff.

*Mark L. Rabinovitz* and *Robert L. Wallace*, for defendants.

EMERY, P. J., May 5, 1924.—Plaintiff alleges in his statement of claim, and which is not denied by the defendants, that the title to the land in question in this case was sold at sheriff's sale by proceedings based upon a judgment entered in said court at No. 32, March Term, 1917; that Leonard M. Uber, as attorney for plaintiff, confessed judgment on a judgment bond in favor of George H. Bell and against James H. Shaffer for $1450, with interest thereon and costs; that said Leonard M. Uber, while acting as attorney for the plaintiff in said judgment, caused a writ of *fieri facias* to be issued at No. 8, March

### Bell v. Parrell et al.

Term, 1917, in said court, and that the land in question was sold by the sheriff to said Leonard M. Uber for the sum of $50, and, in pursuance of said sale, on Feb. 9, 1917, the sheriff executed and delivered a deed to Leonard M. Uber for the property in question.

The affidavit of defence discloses the fact that Leonard M. Uber and wife, by deed dated Feb. 13, 1922, recorded in the Recorder's Office of Lawrence County in Deed Book, vol. 234, page 450, conveyed the land in question to William H. Shaddick, and William H. Shaddick, by deed dated Sept. 8, 1922, and recorded in the recorder's office of said county, conveyed said land to Harry Parrell, one of the defendants herein, subject to an article of agreement dated Feb. 13, 1922, recorded in Agreement Book, vol. 22, page 249, by which William H. Shaddick agreed to convey said land to Jacob Cottler upon the terms and conditions therein stated.

Plaintiff's statement of claim further avers, and is not contradicted by the affidavit of defence, that plaintiff had made demands upon defendants for possession of the premises prior to the bringing of this action. The question raised is one of a fiduciary relationship arising by reason of the fact that Leonard M. Uber was attorney for plaintiff in the confession of a judgment on a judgment bond and acting for plaintiff at the time the land in question was sold by the sheriff.

It is a well settled principle of law in Pennsylvania that the party occupying a trust relation to another is prohibited from becoming an unconditional purchaser of land in which the other has an interest. This principle is very clearly and concisely laid down in Leisenring v. Black, 5 Watts, 303, and the reason in support of it plainly stated. We find this rule has been followed in a number of cases: Beeson v. Beeson, 9 Pa. 279; Smith v. Brotherline, 62 Pa. 461; Albright v. Mercer, 14 Pa. Superior Ct. 63; Barrett v. Bambar, 81 Pa. 247.

It appears from the record that judgment upon which the land in question was sold was confessed by Leonard M. Uber as attorney for plaintiff; that the pleadings admit that the same attorney was in charge of the execution upon which the land was sold; that he purchased the title for $50, while the judgment was for $1450. His legal duty, therefore, would have been to have protected his client's interest and not permitted the sale for a nominal or trifling amount. This, we believe, would be at least constructive notice. It is also averred that plaintiff has been at all times ready and willing to repay the actual amount paid by Leonard M. Uber for this property at the sheriff's sale.

The title to the land remained in Leonard M. Uber until Feb. 13, 1922, and the Statute of April 22, 1856, P. L. 533, does not begin to run against the claim of plaintiff until after that time or until the title was acquired by Shaddick.

Under the Act of June 12, 1919, P. L. 478, the case being within the law as above noted, the court may, on rule, enter such judgment on the pleadings in favor of either party as it may appear to the court the party is entitled to, and in this case it appears that the plaintiff is entitled to judgment.

And now, May 5, 1924, it is ordered, adjudged and decreed that judgment be entered on the pleadings in this case in favor of the plaintiff, George H. Bell, and against the defendants, Harry Parrell and Jacob Cottler, upon the payment of $50 to Harry Parrell, being the amount paid by Leonard M. Uber to the sheriff upon the sale of the property to him.